**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 23 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLOTTE VAN CUREN, as
Personal Representative of the Estate
of Coy Don Britton, Deceased,

       Plaintiff-Appellant,

v.

MCCLAIN COUNTY BOARD OF
COUNTY COMMISSIONERS;
DEWAYNE ANDERSON,
individually and in his official
capacity of Sheriff of McClain
County; DON HEWETT, individually
and in his official capacity of Sheriff
of McClain County,

       Defendants-Appellees.

No. 00-6136
(D.C. No. 99-CV-288-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Charlotte Van Curen brought this civil rights action in the district court on behalf of the estate of her son, Coy Don Britton, who died on June 25, 1996, while a pretrial detainee at the McClain County Jail. Ms. Van Curen sued the McClain County Board of County Commissioners, along with DeWayne Anderson and Don Hewett, the former and current sheriffs of McClain County, alleging that her son's jailers had failed to provide him with proper medical care for alcohol withdrawal. After the district court granted defendants' motion for summary judgment and entered judgment, Ms. Van Curen appealed. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

**BACKGROUND**

Mr. Britton, a chronic alcoholic, was arrested on June 20, 1996, by police officers in Blanchard, Oklahoma, on charges of driving with a suspended license and without insurance verification. On June 23, he broke into the ceiling of his cell in the Blanchard jail and refused to come down. He was removed from the ceiling, restrained, transported to the McClain County Jail ("the jail"), and charged with attempted escape. During the booking process, Mr. Britton stated

that he was an alcoholic and sheriff's employees Heather Williams and Tony Johnson noted that he was paranoid and agitated. Williams, who realized that Mr. Britton showed symptoms of alcohol withdrawal, instructed the employees on her shift to check on him regularly. Mr. Britton was then placed in a padded cell next to the dispatcher/booking office so that he could receive special surveillance.

In person and on the telephone, Ms. Van Curen advised jailers of her son's alcoholism and expressed her concerns for his health during detoxification. For the next thirty-six hours, Mr. Britton continued to exhibit abnormal behavior. At his arraignment, he was withdrawn and almost incoherent. In the jail, he was disoriented and hallucinatory. The jail log shows that jailers generally, but not always, checked on him every twenty to thirty minutes. At 5:30 a.m. on June 25, Mr. Britton was observed with his jumpsuit "on his head like a hat." Appellant's App. at 237. When the jailer told him "to put his jumpsuit back on," Mr. Britton complied. Id.

No further "sight checks were made until . . . 7:02 a.m." Id. at 234. At that time, Mr. Britton was found dead in his cell. The medical examiner determined the probable cause of death to be "COMPLICATIONS OF ALCOHOLISM (PROBABLE DELIRIUM TREMENS)." Id. at 312. Delirium tremens is a condition caused by abrupt alcohol withdrawal and is "easily treatable medically." Shahid v. City of Detroit, 889 F.2d 1543, 1545 (6th Cir. 1989).

-3-

## DISCUSSION

The circumstances of Mr. Briton's death are tragic. In our review of the district court's ruling, however, we must focus on plaintiff's legal burden of proof, in relation to the named defendants in the case. We review de novo the district court's grant of summary judgment, applying the same standard as the district court under Fed. R. Civ. P. 56(c). See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.), cert. denied, 120 S. Ct. 53 (1999). Summary judgment is appropriate where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When reviewing a grant of summary judgment, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. Simms, 165 F.3d at 1326.

Pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment's proscription against cruel and unusual punishment. See Lopez v. LeMaster, 172 F.3d 756, 759 n.2 (10th Cir.1999). Under the due process clause, detainees are "entitled to the same degree of protection regarding medical attention as that afforded convicted inmates under the Eighth Amendment." Barrie v. Grand County, Utah, 119 F.3d 862, 867 (10th Cir. 1997) (quotation omitted). Liability is not based on negligence or even gross negligence. Id. at 869. Rather, a plaintiff must show

-4-

that jailers exhibited deliberate indifference to the detainee's known and serious medical needs.   Id. at 867.

In this case, Ms. Van Curen seeks to hold the Board of County Commissioners, Sheriff Anderson, individually and in his official capacity; and former Sheriff Hewett, individually and in his official capacity, liable for the jailers' failure to seek medical care for Mr. Britton.   Ms. Van Curen does not claim that the defendants themselves were directly involved in Mr. Britton's treatment.   Instead, she asserts that they were responsible for inadequate supervision and training of jail personnel, rising to the level of a policy of indifference.

A suit against government officers in their official capacities is actually a suit against the governmental entity that employs the officers.   See Kentucky v. Graham , 473 U.S. 159, 165 (1985).  An entity may not be held liable in a civil rights suit "simply because it employs a person who violated a plaintiff's federally protected rights."   Jenkins v. Wood , 81 F.3d 988, 993 (10th Cir.1996).

To establish liability of the Board of County Commissioners and the sheriffs in their official capacities, Ms. Van Curen's burden is to show a genuine issue of material fact relating to:

> (1) the existence of a [governmental] custom or policy and (2) a
> direct causal link between the custom or policy and the violation
> alleged.  If the plaintiff asserts the alleged custom or policy
> comprised a failure to act, he or she must demonstrate the [entity's]

inaction resulted from deliberate indifference to the rights of the plaintiff. [For instance,] if the inaction theory rests on an alleged failure to train, the plaintiff must prove the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need for additional training.

Id. at 993-94 (citations and quotations omitted). The need for more supervision must also be obvious and likely to result in a constitutional violation. See Brown v. Gray, 227 F.3d 1278, 1291-92 (10th Cir. 2000).

Because a single incident forms the basis of Ms. Van Curen's claim, she "'must show that the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued.'" Hollingsworth v. Hill, 110 F.3d 733, 743 (10th Cir. 1997) (quoting Jenkins, 81 F.3d at 994 (additional citation omitted)).

Here, the district court evaluated the parties' submissions on summary judgment and determined that Ms. Van Curen had failed to come forward with evidence supporting her claim that Mr. Britton's death was caused by an unconstitutional policy or lack of supervision and training. The McClain County Jail's policy and procedure manual provides for twenty-four hour a day emergency medical services. See Appellant's App. at 268-69. It also sets out procedures specific to the handling of inmates undergoing alcohol detoxification. See id. at 279. The manual is distributed to jailers with orders to read, memorize,

and keep them in their possession. See id. at 77-78. In addition, jailers receive training to obtain yearly certification as required by the State of Oklahoma. The jail officers' training manual contains extensive information and instruction on alcohol withdrawal syndromes. See id. at 285-91.

In sum, the record shows that the McClain County Jail had procedures to protect the health of inmates and there is no evidence that the jailers received constitutionally insufficient training and supervision on these procedures. [1] After a de novo review of the record and the applicable law, we agree with the district court's disposition of Ms. Van Curen's claims against the Board of County Commissioners and the sheriffs in their official capacities. [2]

---

[1] We also note that, under Oklahoma law, the Board of County Commissioners "has no statutory duty to hire, train, supervise, or discipline county sheriffs or their deputies." Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988). Unless the Board voluntarily undertook supervisory responsibility for county law enforcement officers, which is not shown, it was "not 'affirmatively linked'" with the alleged violation and cannot be held liable. Id.

[2] In reaching this determination, we reject plaintiff's argument that we should simply follow the conclusions of the Fifth and Eleventh Circuits in two cases concerning liability for injuries resulting from inmates' alcohol withdrawal. Those cases, however, are easily distinguishable. In Lancaster v. Monroe County, Alabama, 116 F.3d 1419, 1427 (11th Cir. 1997), the plaintiff came forward with evidence that "each of the individual defendants," including the sheriff, were aware that the inmate had "urgent medical needs." Similarly, in Fielder v. Bosshard, 590 F.2d 105, 108 (5th Cir. 1979), the defendant jailer explicitly told the defendant sheriff that the inmate was suffering from delirium tremens. Additionally, the court observed that defendants had made "off-hand, callous comments" which "belie the theory that they merely misdiagnosed a prisoner's

(continued...)

Concerning Ms. Van Curen's claims against the sheriffs in their individual capacities, she must show that they were "aware of and disregarded an excessive risk to inmate health or safety by failing to take reasonable measures to abate the risk." Lopez, 172 F.3d at 761. As explained above, Ms. Van Curen came forward with no such evidence against either Anderson, who was the sheriff during Britton's incarceration, or Hewett, who was not even in office at the relevant time.

Because we conclude that Ms. Van Curen has failed to raise a genuine issue of material fact as to whether the named defendants were liable for deliberate indifference to Mr. Briton's medical needs, the judgment of the district court is AFFIRMED.

                                        Entered for the Court


                                        David M. Ebel
                                        Circuit Judge

---

[2](...continued)
sickness." Id. In this case, none of the defendants was aware of Mr. Britton's condition and, furthermore, there were no objectionable remarks made.